United States Bankruptcy Court for the   **MIDDLE DISTRICT OF TENNESSEE**   ☐ Check if this is an
                                           [Bankruptcy district]                    amended plan

Case number: _____

# Chapter 13 Plan

| Part 1: | Notices |
|---|---|

**To Debtor(s):** This form sets out options that are appropriate in some cases but not in others. The presence of an option does not indicate that the option is appropriate in your circumstances.

**To Creditors:** Your rights are affected by this plan. Your claim may be reduced, modified, or eliminated.

If you oppose the treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 5 days before the meeting of creditors or raise an objection on the record at the meeting of creditors. The Bankruptcy Court may confirm this plan without further notice if no timely objection to confirmation is made. In addition, a timely proof of claim must be filed before your claim will be paid under the plan.

**Debtor(s) must check one box on each line to state whether the plan includes each of the following items. If an item is not checked as "Included" or if both boxes are checked, the provision will not be effective if set out later in the plan.**

| 1.1 | A limit on the amount of a secured claim, set out in § 3.2, which may result in partial payment or no payment to the secured creditor. | ☐ Included | ☑ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 3.4. | ☑ Included | ☐ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 9. | ☑ Included | ☐ Not Included |

| Part 2: | Plan Payments and Length of Plan |
|---|---|

**2.1 Debtor(s) will make payments to the trustee as follows:**

| Payments made by | Amount of each payment | Frequency of payments | Duration of payments | Method of payment |
|---|---|---|---|---|
| ☑ Debtor 1 | **$500.00**<br>**$797.00** | BI-WEEKLY<br>MONTHLY | **60** months | ☑ Debtor will make payment directly to trustee  $797.00 MONTHLY |
| ☐ Debtor 2 | | | | ☑ Debtor consents to payroll deduction from:<br>ARAMARK CAMPUS, LLC<br>1101 MARKET STREET<br>PHILADELPHIA, PA 19107 |

Insert additional lines as needed.

**2.2 Income tax refunds.**
  *Check one.*
  ☑   Debtor(s) will retain any income tax refunds received during the plan term.

  ☐   Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.

  ☐   Debtor(s) will treat income refunds as follows:
  _____
  _____

**2.3 Additional payments.**
  *Check one.*
  ☑   **None.** If "None" is checked, the rest of § 2.3 need not be completed or reproduced.

**2.4 The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.3 is $112,800.00.**

| Part 3: | Treatment of Secured Claims |
|---|---|

Case 3:17-bk-02769   Doc 2   Filed 04/21/17   Entered 04/21/17 08:19:33   Desc Main
                   Document      Page 1 of 8

**3.1 Maintenance of payments and cure of default.** Check one.

- ☐ **None.** If "None" is checked, the rest of § 3.1 need not be completed or reproduced.
- ☑ Installment payments on the secured claims listed below will be maintained, and any arrearage through the month of confirmation will be paid in full as stated below. Both the installment payments and the amounts to cure the arrearage will be disbursed by the trustee.

Amounts stated on a proof of claim filed in accordance with the Bankruptcy Rules control over any contrary amounts listed below as to the current installment payment and arrearage. After confirmation of the plan, the trustee shall adjust the installment payments below in accordance with any such proof of claim and any Notice of Mortgage Payment Change filed under Rule 3002.1. The trustee shall adjust the plan payment in Part 2 in accordance with any adjustment to an installment payment and shall file a notice of the adjustment and deliver a copy to the debtor, the debtor's attorney, the creditor, and the U.S. Trustee, but if an adjustment is less than $25 per month, the trustee shall have the discretion to adjust only the installment payment without adjusting the payments under Part 2. The trustee is further authorized to pay any postpetition fee, expense, or charge, notice of which is filed under Bankruptcy Rule 3002.1 and as to which no objection is raised, at the same disbursement level as the arrearage.

Confirmation of this Plan imposes on any claim holder listed below the obligation to:

- Apply arrearage payments received from the trustee only to such arrearages.
- Treat the obligation as current at confirmation such that future payments, if made pursuant to the plan, shall not be subject to late fees, penalties, or other charges.

If relief from the automatic stay is ordered as to any collateral listed below, all payments under this section to creditors secured by that collateral will cease.

| Name of Creditor | Collateral | Current installment payment (including escrow) | Amount of arrearage, if any | Interest rate on arrearage (if applicable) | Monthly payment on arrearage, if any |
|---|---|---|---|---|---|
| **Wells Fargo Hm Mortgag** | **435 WEST OAK STREET FRISCO CITY, AL 37445** RMP:$378.61 | **$378.61** | Prepetition: **$200.00** Gap payments: 757.22 Last month in gap: APRIL 2017 | **0.00%** | **$0.00** |

*Insert additional claims as needed.*

**3.2 Request for valuation of security and claim modification.** *Check one.*

- ☑ **None.** If "None" is checked, the rest of § 3.2 need not be completed or reproduced.

**3.3 Secured claims excluded from 11 U.S.C. § 506.** *Check one.*

- ☑ **None.** If "None" is checked, the rest of § 3.3 need not be completed or reproduced.

**3.4 Lien avoidance.** *Check one.*

- ☐ **None.** If "None" is checked, the rest of § 3.4 need not be completed or reproduced.
  **The remainder of this section will be effective only if the applicable box in § 1.2 is checked**

- ☑ The judicial liens or nonpossessory, nonpurchase money security interests listed below impair exemptions to which the debtor(s) would be entitled under 11 U.S.C. § 522(b). The judicial liens or security interests listed below will be avoided to the extent they impair exemptions upon entry of the order confirming the plan. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim under § 5.1. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the plan.

| Information regarding judicial lien or security interest | Calculation of lien avoidance | | Treatment of remaining secured claim |
|---|---|---|---|
| | a. Amount of lien | **$2,480.00** | **Amount of secured claim after avoidance** (line a minus line f) |
| **Name of Creditor** **1st Heritage** | b. Amount of all other liens | **$0.00** | |
| | c. Value of claimed exemptions | **$1490.00** | |
| **Collateral** **HHG** | d. Total of adding lines a, b, and c | **$3970.00** | **Interest rate** (if applicable) _____ % |

| Debtor | **KEITH LAMONT WESLEY** | Case number | |
|---|---|---|---|

| Information regarding judicial lien or security interest | Calculation of lien avoidance | | Treatment of remaining secured claim |
|---|---|---|---|
| **Lien identification** (such as judgment date, date of lien recording, book and page number) **Agreement,VOID LIEN** **Opened 8/01/16 Last Active 2/07/17** | e. Value of debtor's interest in property | **-$1490.00** | |
| | f. Subtract line e from line d. | **$2,480.00** | **Monthly plan payment** |
| | Extent of exemption impairment *(Check applicable box)* ☑ **Line f is equal to or greater than line a.** The entire lien is avoided *(Do not complete the next column)* ☐ **Line f is less than line a.** A portion of the lien is avoided. *(Complete the next column)* | | **Estimated total payments on secured claim** |
| **Name of Creditor** **Mariner Finance** **Collateral** **HHG** | a. Amount of lien | **$2,362.00** | **Amount of secured claim after avoidance** (line a minus line f) |
| | b. Amount of all other liens | **$0.00** | |
| | c. Value of claimed exemptions | **$1490.00** | |
| | d. Total of adding lines a, b, and c | **$3852.00** | **Interest rate** (if applicable) _____ % |
| **Lien identification** (such as judgment date, date of lien recording, book and page number) **Agreement,VOID LIEN** **Opened 8/01/16 Last Active 8/01/16** | e. Value of debtor's interest in property | **-$1490.00** | |
| | f. Subtract line e from line d. | **$2,362.00** | **Monthly plan payment** |
| | Extent of exemption impairment *(Check applicable box)* ☑ **Line f is equal to or greater than line a.** The entire lien is avoided *(Do not complete the next column)* ☐ **Line f is less than line a.** A portion of the lien is avoided. *(Complete the next column)* | | **Estimated total payments on secured claim** |
| **Name of Creditor** **OneMain** **Collateral** **HHG** | a. Amount of lien | **$7,231.00** | **Amount of secured claim after avoidance** (line a minus line f) |
| | b. Amount of all other liens | **$0.00** | |
| | c. Value of claimed exemptions | **$1490.00** | |
| | d. Total of adding lines a, b, and c | **$8721.00** | **Interest rate** (if applicable) _____ % |
| **Lien identification** (such as judgment date, date of lien recording, book and page number) **Agreement,VOID LIEN** **Opened 07/13 Last Active 2/27/17** | e. Value of debtor's interest in property | **-$1490.00** | |
| | f. Subtract line e from line d. | **$7,231.00** | **Monthly plan payment** |
| | Extent of exemption impairment *(Check applicable box)* ☑ **Line f is equal to or greater than line a.** The entire lien is avoided *(Do not complete the next column)* | | **Estimated total payments on secured claim** |

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com                                       Best Case Bankruptcy

Case 3:17-bk-02769    Doc 2    Filed 04/21/17    Entered 04/21/17 08:19:33    Desc Main
                    Document      Page 3 of 8

| Debtor | **KEITH LAMONT WESLEY** | Case number | |
|---|---|---|---|

☐ **Line f is less than line a.**
A portion of the lien is avoided. *(Complete the next column)*

| **Name of Creditor** | a. Amount of lien | **$7,000.00** | **Amount of secured claim after avoidance** (line a minus line f) |
|---|---|---|---|
| **REGIONAL FINANCE** | b. Amount of all other liens | **$0.00** | |
| | c. Value of claimed exemptions | **$1490.00** | |
| **Collateral** | d. Total of adding lines a, b, and c | **$8490.00** | **Interest rate** (if applicable) |
| **HHG** | | | |
| | | | _____ % |
| **Lien identification** (such as judgment date, date of lien recording, book and page number) | e. Value of debtor's interest in property | **-$1490.00** | |
| **Agreement,VOID LIEN** | | | **Monthly plan payment** |
| | f. Subtract line e from line d. | **$7,000.00** | |

Extent of exemption impairment
*(Check applicable box)*

☑ **Line f is equal to or greater than line a.**          **Estimated total payments on secured claim**

The entire lien is avoided *(Do not complete the next column)*

☐ **Line f is less than line a.**
A portion of the lien is avoided. *(Complete the next column)*

| **Name of Creditor** | a. Amount of lien | **$1200.00** | **Amount of secured claim after avoidance** (line a minus line f) |
|---|---|---|---|
| **PEOPLE'S SECURITY FINANCE** | b. Amount of all other liens | **$0.00** | |
| **Collateral** | c. Value of claimed exemptions | **$1490.00** | |
| **HHG** | d. Total of adding lines a, b, and c | **$2690.00** | **Interest rate** (if applicable) |
| | | | _____ % |
| **Lien identification** (such as judgment date, date of lien recording, book and page number) | e. Value of debtor's interest in property | **-$1490.00** | |
| **Agreement,VOID LIEN** | | | **Monthly plan payment** |
| | f. Subtract line e from line d. | **$1200.00** | |

Extent of exemption impairment
*(Check applicable box)*

☑ **Line f is equal to or greater than line a.**          **Estimated total payments on secured claim**

The entire lien is avoided *(Do not complete the next column)*

☐ **Line f is less than line a.**
A portion of the lien is avoided. *(Complete the next column)*

| **Name of Creditor** | a. Amount of lien | **$0.00** | **Amount of secured claim after avoidance** (line a minus line f) |
|---|---|---|---|
| **FIRST HERITAGE** | b. Amount of all other liens | **$0.00** | |
| **Collateral** | c. Value of claimed exemptions | **$1490.00** | |
| **HHG** | d. Total of adding lines a, b, and c | **$1490.00** | **Interest rate** (if applicable) |
| | | | _____ % |
| **Lien identification** (such as judgment date, date of lien recording, book and page number) | e. Value of debtor's interest in property | **-$1490.00** | |
| **Agreement,VOID LIEN** | | | **Monthly plan payment** |
| | f. Subtract line e from line d. | **$0.00** | |

Extent of exemption impairment
*(Check applicable box)*

☑ **Line f is equal to or greater than line a.**          **Estimated total payments on**

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

Case 3:17-bk-02769   Doc 2   Filed 04/21/17   Entered 04/21/17 08:19:33   Desc Main
Document      Page 4 of 8

|  | secured claim |
|---|---|

The entire lien is avoided *(Do not complete the next column)*

☐   **Line f is less than line a.**
A portion of the lien is avoided. *(Complete the next column)*

Insert additional claims as needed.

**3.5 Surrender of collateral.** *Check one.*

☐   **None.** If "None" is checked, the rest of § 3.5 need not be completed or reproduced.

| Name of Creditor | Collateral |
|---|---|
| **UNITED CONSUMER FINANCIAL SERVICES** | **KIRBY VACUUM OVER 365 SURRENDER** |

---

**Part 4:**   **Treatment of Priority Claims (including Attorney's Fees and Domestic Support Obligations)**

**4.1 Attorney's fees.**

The balance of the fees owed to the attorney for the debtor(s) is estimated to be **$3,520.00**. The remaining fees and any additional fees that may be awarded shall be paid through the trustee as specified below. Check one.

☑   The attorney for the debtor(s) shall receive a monthly payment of $1328.00

☐   The attorney for the debtor(s) shall receive available funds.

**4.2 Domestic support obligations.**

    **(a) Pre- and postpetition domestic support obligations to be paid in full.** *Check one.*

☐   **None.** If "None" is checked, the rest of § 4.2(a) need not be completed or reproduced.

Child support arrears payments owed to:
AL CHILD SUPPORT, RE: Latricia Burroughs : $17,965.45 (ARREARS ONLY)

AL CHILD SUPPORT RE: Sheila Miles: $12,433.84 (ARREARS ONLY)

    **(b) Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.** *Check one.*

☑   **None.** If "None" is checked, the rest of § 4.2(b) need not be completed or reproduced.

**4.3 Other priority claims.** *Check one.*

☐   **None.** If "None" is checked, the rest of § 4.3 need not be completed or reproduced.

☑   The priority claims listed below will be paid in full through the trustee. Amounts stated on a proof of claim filed in accordance with the Bankruptcy Rules control over any contrary amounts listed below.

| Name of Creditor | Estimated amount of claim to be paid |
|---|---|
| **IRS** | **$2,847.00** |

*Insert additional claims as needed.*

---

**Part 5:**   **Treatment of Nonpriority Unsecured Claims and Postpetition Claims**

**5.1 Nonpriority unsecured claims not separately classified.**

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com                                                Best Case Bankruptcy

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. Check all that apply.

- ☐ The sum of $
- ☑ **20** % of the total amount of these claims.
- ☐ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

**5.2 Interest on allowed nonpriority unsecured claims not separately classified.** *Check one.*

- ☑ **None.** If "None" is checked, the rest of § 5.2 need not be completed or reproduced.
- ☐ Interest on allowed nonpriority unsecured claims that are not separately classified will be paid at an annual percentage rate of 0

**5.3 Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

- ☑ **None.** If "None" is checked, the rest of § 5.3 need not be completed or reproduced.

**5.4 Separately classified nonpriority unsecured claims.** *Check one.*

- ☑ **None.** If "None" is checked, the rest of § 5.4 need not be completed or reproduced.

**5.5 Postpetition claims allowed under 11 U.S.C. § 1305.**

Claims allowed under 11 U.S.C. § 1305 will be paid in full through the trustee.

**Part 6:    Executory Contracts and Unexpired Leases**

**6.1 The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one.*

- ☐ **None.** If "None" is checked, the rest of § 6.1 need not be completed or reproduced.
- ☑ **Assumed contracts or leases.** Current installment payments will be disbursed by the trustee or directly by the debtor, as specified below. Arrearage payments will be paid in full through the trustee. Amounts stated on a proof of claim filed in accordance with the Bankruptcy Rules control over any contrary amounts listed below as to the installment payment and arrearage.

| Name of Creditor | Description of leased property or executory contract | Current installment payment | Amount of arrearage to be paid |
|------------------|------------------------------------------------------|----------------------------|--------------------------------|
| **AT&T** | CELL PHONE | **$298.00** | **$0.00** |
| | | Disbursed by:<br>☐ Trustee<br>☑ Debtor(s) | |
| **AT&T U-VERSE** | INTERNET | **$30.00** | **$0.00** |
| | | Disbursed by:<br>☐ Trustee<br>☑ Debtor(s) | |

*Insert additional claims as needed.*

**Part 7:    Order of Distribution of Available Funds by Trustee**

**7.1 The trustee will make monthly disbursements of available funds in the order specified. Check one.**

☑ **Alternative order of distribution:**
**CLASS  I - FILING FEE**
**CLASS  II NOTICE FEE**
**CLASS  III ATTORNEY FEE**
**CLASS  IV MORTGAGE**
**CLASS  V MORTGAGE ARREARS**

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

CLASS  VI PRIORITY DEBTS (IRS AND CHILD SUPPORT ARREARS)
CLASS  VII GENERAL UNSECURED
CLASS  VIII 1305 CLAIMS

*Insert additional lines as needed.*

**Part 8:**  **Vesting of Property of the Estate**

**8.1 Property of the estate will vest in the debtor(s) upon discharge or closing of the case, whichever occurs earlier, unless an alternative vesting date is selected below. Check the applicable box to select an alternative vesting date:**
*Check the appliable box:*
☐ plan confirmation.
☐ other: _____

**Part 9:**  **Nonstandard Plan Provisions**
☐  **None.** If "None" is checked, the rest of § 6.1 need not be completed or reproduced.

**Amendment to Part 3.1:**

If the holder of a claim listed above files a Notice of Mortgage Payment Change under Rule 3002.1, FED. R. BANKR. P., the Trustee may adjust the postpetition regular payment listed above and payments into the plan in paragraph 2 in accordance with the creditor's notice upon filing a notice of payment adjustment and delivering a copy to the debtor, the debtor's attorney, the creditor, and the U.S. Trustee.

The Trustee is authorized to pay any postpetition fees, expenses, and charges, notice of which is properly filed pursuant to Rule 3002.1, FED. R. BANKR. P., and as to which no objection is raised, at the same disbursement level as the arrearage claim listed above.

**Addition to Part 3.1:**

**Provisions Relating to Claims Secured by Real Property Treated Pursuant to § 1322(b)(5)**
Confirmation of this Plan imposes upon any claimholder treated under Part 3.1 and, holding as collateral, the residence of the Debtor(s), the obligation to: (i) Apply the payments received from the trustee on pre-confirmation arrearages only to such arrearages. For purposes of this plan, the "pre-confirmation" arrears shall include all sums designated as pre-petition arrears in the allowed Proof of Claim plus any post-petition pre-confirmation payments due under the underlying mortgage debt not specified in the allowed Proof of Claim. (ii) Deem the mortgage obligation as current at confirmation such that future payments, if made pursuant to the plan, shall not be subject to late fees, penalties, or other charges.

**Amendment to Part 7.1:**

Postpetition claims allowed pursuant to 11 U.S.C. § 1305 shall be paid in full but subordinated to the payment of unsecured claims as provided in paragraph 3 above.

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com                     Best Case Bankruptcy

X    **/s/ James A. Flexer**             Date    **April 10, 2017**
     **James A. Flexer 9447**
**Signature of Attorney for Debtor(s)**

X    **/s/ KEITH LAMONT WESLEY**      Date    **April 10, 2017**
     **KEITH LAMONT WESLEY**

X    _____      Date    _____

**Signature(s) of Debtor(s) (required if not represented by an attorney; otherwise optional)**

**By filing this document, the Attorney for Debtor(s) or Debtor(s) themselves, if not represented by an attorney, also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in the form required under the Local Rules for the Bankruptcy Court for the Middle District of Tennessee, other than any nonstandard provisions included in Part 9.**

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com                                              Best Case Bankruptcy